UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| FELIPE ORTIZ | CASE NO. |
| VERSUS | JUDGE |
| HOME DEPOT U.S.A., INC., AND JOHN DOE (1) AND JOHN DOE (2) | MAGISTRATE |

## NOTICE OF REMOVAL

Defendant, Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), hereby removes the action captioned *"Felipe Ortiz versus Home Depot U.S.A., Inc., John Doe (1) and John Doe (2)"* bearing case number 2021-4960 on the docket of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to the United States District Court for the Western District of Louisiana, Lake Charles Division. In support of this notice of removal, Defendant pleads the following grounds:

I.

This civil action was filed by plaintiff, Felipe Ortiz ("Plaintiff"), on November 24, 2021, in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, bearing case number 2021-4960 seeking to recover damages for personal injuries allegedly related to an accident at a Home Depot store located in Lake Charles, Louisiana.

II.

Plaintiff was at the time of the filing of this action a resident and domiciliary of Texas. *See*, Petition for Damages ("Petition") attached hereto as **Exhibit A**, at introductory paragraph.

III.

Defendant, Home Depot, was at the time of the filing of this action a foreign entity incorporated under the laws of Delaware, with its principal place of business in Atlanta, Georgia. *See,* Declaration of Counsel attached hereto as **Exhibit B**, at ¶ 4.

IV.

Defendants, "John Doe (1) and John Doe (2)" are fictitious defendants whose citizenship must be ignored for purposes of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

V.

No other defendants have been named in the suit; therefore, the consent of other defendants is not required under 28 U.S.C. § 1441(b)(1).

VI.

The Petition and Citation were served on Home Depot through its registered agent for service of process on January 7, 2022. *See,* Declaration of Counsel, **Exh. B**, at ¶5.

VII.

It is not apparent on the face of the Petition that was filed in the 14th Judicial District Court for the Parish of Calcasieu that the action is within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332; specifically, the Petition does not show that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See generally,* Petition, **Exh. A.**

VIII.

The Petition fails to describe with any degree of specificity the extent of the alleged injuries or damages sustained by Plaintiff. Rather, it is only generally alleged that Plaintiff "was caused to suffer injuries as result of the accident," for which he seeks to recover damages for past, present,

and future medical expenses, lost wages, lost earning capacity, loss of enjoyment of life, and general damages for pain, suffering, disability and mental anguish. *See*, Petition, **Exh. A,** at ¶¶ XI.

IX.

On October 28, 2022, upon receipt of Plaintiff's written discovery responses and document production, Home Depot received "other paper from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. §1446(b)(3). Specifically, Home Depot received post-accident medical records which show the amount in controversy exceeds $75,000, exclusive of interest and costs, in this case between diverse parties. The records most relevant to jurisdiction provide:

- On December 15, 2020, Plaintiff underwent a lumbar MRI, which was interpreted by the reading radiologist as showing lumbar herniations at two levels with nerve impingement. More specifically, the lumbar MRI was interpreted as showing at L3-4, a 3 mm left foraminal disc herniation which impinges upon the left L3 nerve root with narrowing of the left neuroforamen; and at L4-5, a 4 mm left subarticular disc herniation with a tear in the outer annulus, causing flattening of the thecal sac and compressing the left L5 nerve root.

- Between February 8, 2021, and March 8, 2021, Plaintiff underwent a series of three lumbar epidural steroid injections performed by Dr. Kanishka Monis.

- Following the lumbar epidural steroid injections, Plaintiff was evaluated by orthopedic surgeon, Dr. Stephen Earle, who opined that Plaintiff has failed conservative treatment and is a candidate for a lumbar surgical procedure. Dr. Earle relates the need for surgery to the December 8, 2020 accident, made the subject of this lawsuit.

- Additionally, Dr. Earle advised that the lumbar surgical procedure would include a decompressive lumbar laminectomy, discectomy, and instrumented arthrodesis at the demonstrated pain generators.

- To date, Plaintiff has incurred $23,378 in medical costs he relates to the accident.

*See,* Declaration of Counsel, **Exh. B,** at ¶ 7, with medical records attached thereto.

X.

While liability and damages are disputed, the records summarized above evidence that the amount in controversy exceeds the Court's jurisdictional threshold of $75,000. Specifically, in addition to the $23,378 in medical costs incurred to date, general damages awarded in cases involving disc protrusions/herniation, for which injection therapy is administered, exceed $75,000. *See, e.g., Riddle v. Geico General Ins. Co.*, No. 650456 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, as summarized at 2018 WL 7141267 (awarding $80,000 in general damages for disc bulge at L4-L5 with radiculopathy for which plaintiff underwent one injection); *Zalenski v. Bayou Liberty Water Association, et al.*, No. 2010-11116 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, as summarized at 2013 WL 7792185 (awarding $75,000 in general damages for herniated lumbar disc at L4-5 with facet arthrosis); *Bruno v. State Farm Mut. Auto Ins.*, No. 2004-0096 on the docket of the 15th Judicial District Court for the Parish of Lafayette, as summarized at 2005 WL 2874720 (awarding $90,000 in general damages for bilateral joint arthropathy at L4-5 and constrictions at L4-5 and L5-S1 for which plaintiff underwent a lumbar steroid injection); *Martin v. ERMC, II*, 2009-491 (La. App. 3 Cir. 11/4/2009), 23 So.3d 1008, 1011 (affirming general damage award of $103,00 for cervical and lumbar strain with treatment including injection therapy; $17,134 in past medical bills).[1]

---

[1] *See also, Trahan v. Deville*, 2005-1482 (La. App. 3 Cir. 5/10/2006), 933 So.2d 187, 192 (awarding $75,000 in general damages to young woman who sustained unspecified neck and back injuries resulting in injection therapy; $22,938.45 in past medical bills); *Duchamp v. State Farm Mut. Auto. Ins. Co.*, 2005-339 (La. App. 3 Cir. 11/2/2005), 916 So.2d 498, 506 (affirming trial court's award of $135,000 in general damages for treatment including three cervical epidural steroid injections; $25,000 in past medical bills); *Fontenot v. Laperouse*, 00-130 (La. App. 3 Cir. 11/2/00), 774 So.2d 278 (recognizing that multiple Louisiana courts have awarded damages in excess of $75,000 for herniated discs, even when these injuries do not necessitate surgery).

XI.

Considering all of the above, this is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332, and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, et seq., because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XII.

In compliance with the requirements of 28 U.S.C. §1446(b)(3), this notice of removal is filed within thirty (30) days after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

XIII.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Home Depot to date in state court are attached and made part of **Exh. A.**

XIV.

In compliance with 28 U.S.C. §1446(d), Home Depot hereby certifies that notice of removal is being served on adverse parties, and to the Clerk of Court of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

WHEREFORE, defendant, Home Depot U.S.A., Inc., prays that this cause be removed from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Western District of Louisiana.

Respectfully submitted,

/s/ Reshonda W. Thompson
M. Davis Ready, T.A. (Bar No. 24616)
Susan M. Caruso (Bar No. 27195)
Megan E. Peterson (Bar No. 34026)
Reshonda W. Thompson (Bar No. 35351)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone (504) 569-2030
Facsimile (504) 569-2999
Attorneys for Home Depot U.S.A., Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been served upon all counsel of record by facsimile, electronic mail, by hand delivery or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 2nd day of November, 2022.

/s/ Reshonda W. Thompson