**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

FELIPE ORTIZ                                              CASE NO.  2:22-CV-05860

VERSUS                                                       JUDGE JAMES D. CAIN, JR.

HOME DEPOT U S A INC                         MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Plaintiff's Damage Claims for Lost Wages and Impairment of Earning Capacity" (Doc. 33) filed by Defendant Home Depot USA Inc. ("Home Depot").  Plaintiff has not filed an opposition to this Motion and the time for doing so has lapsed.

## BACKGROUND

On December 8, 2020, Plaintiff Felipe Ortiz was struck by a ladder that fell while he was a customer in Home Depot. The parties have stipulated that while Mr. Ortiz was on Home Depot's premises, two Home Depot workers caused a ladder to fall on him, while they were moving ladders in the course and scope of their employment at Home Depot.[1] The parties also stipulate that these Home Depot employees breached a duty of care to Mr. Ortiz, and that the elements of negligence against Home Depot are satisfied.[2]

Mr. Ortiz has not been employed since approximately 2013, and is not currently employed.[3] On July 2, 2018 and again on December 16, 2019, Mr. Ortiz's primary care

---

[1] Doc. 36, ¶ 2.
[2] *Id.* ¶ ¶ 3 and 4.
[3] Defendant's exhibit A, Felip Ortiz depo. p. 14:10-12, Defendant's exhibit B, Ortiz depo. p. 11:1-4.

physician executed a Physician's Statements for the Texas Health and Human Services Commission stating that he is unable to work and permanently disabled, due to the following disabling medical conditions; ankylosing spondylitis, coronary artery disease, depression, anxiety, and sleep apnea.[4] As of November 2023, Mr. Ortiz's only claimed source of income were his son's SSI income and his own Social Security Disability.[5] Other than a 2021 tax return that reflected $1,000 of income for winnings at a casino, Mr. Ortiz has not paid any taxes on income earned.[6] Mr. Ortiz has not produced any competent, admissible evidence that the injuries he allegedly sustained in the accident caused or contributed to any loss of wages or loss of earning capacity.

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This

---

[4] Defendant's exhibit A, Ortiz depo. p. 14:10-12; Defendant's exhibit B, p. 11:1-4; Defendant's exhibit C .
[5] Defendant's exhibit A, Ortiz depo. p. 16:25 and 17:1-7.
[6] Defendant's exhibit B, p. 12:12-14.

requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Mr. Ortiz alleges that he sustained a back injury on December 8, 2020, when a ladder fell on him while on Home Depot's premises. He also alleges that the back injury sustained in the accident caused him to sustain "lost wages and/or impairment of earning capacity; past, present, and future.[7] It is undisputed that Mr. Ortiz was permanently disabled prior to the subject accident, has not worked since 2013, and is currently not working as noted above.

---

[7] Doc. 1-1, p. 3, ¶ XI(B).

"To recover for actual wage loss, a plaintiff must prove that he would have been earning wages *but for* the accident in question." *Saucier v. State Farm Mut. Auto. Ins. Co.,* 2016 WL 3977253, *2 (W.D. La., 7/20/16), citing to *Boyette v. United Servs. Auto. Ass'n*, 783 So. 2d 1276, 1279 (La. 4/3/01); (emphasis added); see also *Stover v. AIG Property Cas. Co.,* Case No. 23-821, 2025 WL 1116465 (W.D. La., 4/15/25). "It is the plaintiff's burden to prove past lost earnings and the length of time missed from work due to the accident." *Id.* "A plaintiff cannot simply allege past lost wages without independent support of the claim." *Saucier,* 2016 WL 3977253 at *2.* The Court finds that Mr. Ortiz has failed to submit summary judgment evidence to create a general issue of material fact for trial to establish a claim for loss wage or loss of earning capacity claim.

## CONCLUSION

For the reasons explained herein, the Court will grant Home Depot's Motion for Partial Summary Judgment on Plaintiff's Damage Claims for Lost Wages and Impairment of Earning Capacity (Doc. 33) and dismiss with prejudice Mr. Ortiz's claims for lost wages and impairment of earning capacity.

**THUS DONE AND SIGNED** in chambers on this 19th day of March, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**